MaNly, J.
 

 The purpose of this bill, is to settle the estate of Josephus Hall, deceased, to ascertain the balance in the hands of the executor, who is complainant, and to procure from this Court a declaration of rights, in respect to the principal legatees, the children. The most of the questions raised as these rights are merely speculative, and relate to certain limitations over to the survivor or survivors, in case any or either of them shall die. As they are
 
 all liming,
 
 it will be ^improper for us to anticipate the event of death, and adjudicate the rights which may spring up out of it. The contingency, upon which the questions will become practical and necessary to be decided, will probably happen in the day of our successors.
 

 It was referred to the clerk and master in the Court below, to take an account of the fund belonging the estate. This
 
 *34
 
 account has been taken and reported, and two exceptions are filed to the same.
 

 First.
 
 The allowance of twenty-five per cent, discount upon two notes of Blackwell, Justice, and Moore, the one for $1086 ; the other for $659.
 

 Secondly.
 
 The total loss of a note of Oliver and Moore for $50.
 

 This is part of a fund which the testator has directed shall be kept at interest, upon good bonds, for the education and support of all his children. The notes in question, were taken and kept by the executor in the management of this fund, and became uncollectable by the bankruptcy of the parties.
 

 "We have considered the evidence relating to the matter of the exceptions, and especially to the sudden and unexpected character of these bankruptcies, and conclude the executor is not liable to make good these losses. All the witnesses, examined, concur, that the failures of Blackwell, Justice and Moore, were a surprise to the community in whieh they resided ; that they were possessed of large resources, were transacting extensive business, and were held in the highest grade of credit down to the day of their respective assignments for the payment of debts. The failure of Oliver, who was the principal in the small note of $50, took place about five months before Moore’s, who was the surety. This, if the debt had been larger, or the standing of the surety less unquestionable, might have been sufficient to put the executor on his guard, and induce him to seek other security, but under the circumstances, we think it was not. Such losses as have occurred in the management of this fund, are incidental-to investments of a similar kind, in all communities. They happen even to the.
 
 most
 
 vigilant, and must happen oftener to those who exert only ordinary caution, and this last is the grade of care to which an executor is bound. Executors should not be held responsible as insurers; all that a sound public policy requires, is, that they shall act in good faith, and use
 
 oxdincmy care.
 
 The proofs satisfy us that there has been no want of these, and we, therefore, conclude, the executor is not liable.
 

 
 *35
 
 ít seems, from the pleadings and proofs, that one of the 'daughters, Eliza Jane, has arrived at the age of eighteen years* and the will provides, that all the common-stock property, not specifically bequeathed, «hall he kept by the executor, and when the son, John H., 'arrives at the age of twenty-one years, he is to have his distributive share. When Eliza Jane arrives at
 
 eighteen or
 
 marries, she shall receive her share of ■the balance, and Josephine, in like manner, to take the residue ] and in case of the death of any of the said children, the survivors or survivor to be entitled to the interest of such deceased child, &c. Eliza Jane, having arrived at the-age, designated by the testator, is clearly entitled, we think, to have her share allotted to her.
 

 This is a response to the first enquiry, which we have been Invoked to answer in regard to the construction of the wilh Other enquiries, we have already stated, it is not expedient nr proper for us to answer, for the reason, that they depend upon what we hope, are remote events, which it may never be •our lot to witness.
 

 Let a decree be drawn in this case overruling the exceptions, and confirming the reported account of the master, in -all respects, and declaring it to be the opinion of the Court, that Eliza Jane Hall, is now entitled to have her share of the •estate, remaining on hand, and belonging to the children, ah lotted to her in severalty.
 

 Let the costs be paid out of the funds in the hands of the 'executor.
 

 Pee Curiam, Decree accordingly.